UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: 5:14-cv-322-FL

RLM COMMUNICATIONS, INC. )
)
        Plaintiff, )
)
v. )
) **STIPULATED PRELIMINARY**
DANIEL E. GLOVER, and ) **INJUNCTION**
DEG TECHNOLOGIES, LLC ) ORDER
)
        Defendants. )
)
)

WHEREAS, pursuant to Fed. R. Civ. P. 65, the parties hereby stipulate and agree to the entry, during the pendency of this action, of a preliminary injunction against Defendants as set forth below.

1. Plaintiff RLM Communications, Inc. ("RLM") specializes in providing support services to the United States Government including information assurance ("IA"), intelligence, information technology, cyber security, program management and staff support, system integration and audiovisual support, information technology infrastructure library, and service level management implementation. It routinely communicates to its employees the importance of keeping RLM's proprietary information confidential. RLM also requires its employees to sign covenants not to compete as part of their employment agreement. It is common practice for businesses such as RLM to require such covenants due to the nature of the business and sensitive information involved.

2. On May 19, 2014, Plaintiff RLM Communications Inc. ("RLM") filed a Verified Complaint ("Complaint") in Cumberland County, North Carolina[1] ("State Court") against defendants Daniel E. Glover ("Glover"), DEG Technologies, LLC ("DEG"), and Advanced IT Technology Concepts, Inc. ("AITC").

3. RLM's Complaint alleges: (i) breach of covenant not to compete; (ii) breach of subcontract; (iii) unfair and deceptive trade practices; (iv) tortious interference with contractual relations; (v) misappropriation of trade secrets; (vi) unjust enrichment; (vii) civil conspiracy; (viii) conversion; and (ix) injunctive relief.

4. On May 19, 2014, RLM obtained a temporary restraining order ("TRO") in State Court against defendants Glover, DEG, and AITC from further breaching valid contracts RLM, misappropriating trade secrets of RLM, and engaging in unfair and deceptive trade practices against RLM. By consent of the parties, the State Court extended the TRO until June 4, 2010.

5. On June 3, 2014, defendant Glover and DEG filed a Notice of Removal to the United State District Court for the Eastern District of North Carolina, Western Division [DE-1].

6. On June 6, 2014, RLM filed an Emergency Motion for Extension of Time to Extend Temporary Restraining Order [DE-11] until June 18, 2014, based on the consent of the parties.

7. By Order entered June 6, 2014, this Court granted RLM's emergency motion adopting and extending the terms and conditions of the State Court's TRO.

8. On June 10, 2014, defendants Glover and DEG filed their Answer, denying all material allegations [DE-19].

9. On June 12, 2014, RLM dismissed its action against defendant AITC [DE-21].

---

[1] Cumberland County District Court File No. 14 CVD 3941.

10. On June 16, 2016, this Court extended the existing TRO to June 30, 2014, pursuant to the consent of the parties. [DE-23].

UPON AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED, without any admission of liability, that Defendants are enjoined as follows:

1. Defendants Glover and DEG, individually and/or collectively, are hereby immediately enjoined and restrained, whether alone or in concert with any officer, agent, servants, employee, and/or representative of any affiliated entity from: (1) using or disclosing any confidential information of RLM Glover learned by virtue of his employment with RLM, which ended in October of 2014, and/or DEG learned by virtue of its participation, if any, with the previously identified Subcontract Agreement, which was attached to Plaintiff's Verified Complaint. For purposes of this Order, "confidential information" does not include information in the public domain, information generally known in the government support services industry, and information acquired by Glover completely independently of his services for RLM. By way of illustration, confidential information includes (a) technical proposals submitted; (b) pricing; (c) employee salary information; (d) personnel evaluations; and (e) fee, profit, overhead and general and administrative information of RLM; (2) soliciting any employee of RLM to leave his or her employment; and (3) participating in any business that indirectly or directly competes against RLM regarding RLM's existing government contract, with Contract Number W91249-12-C-0017, and any re-compete relating thereto.

2. Defendants Glover and DEG are required to immediately return to RLM all of RLM's "trade secrets" and other confidential and proprietary information in their possession or control, if any.

3. The Court retains jurisdiction over Defendants Glover and DEG, and this action, for the purpose of enforcing the injunctive relief entered against Defendants, until that relief expires, as set forth hereunder, and retains jurisdiction over the parties hereto for purposes of adjudicating the remaining claims.

4. The injunctions contained is for the sole purpose of maintaining the status quo between RLM and Defendants pending adjudication of their claims, and, as such said relief contained in this Order expires, in force and effect and subject to further order of this Court, upon the conclusion of any trial in this matter and/or upon the injunctive relief being granted or denied, in part or in whole, by dispositive order of this Court prior to trial, and shall have no further force and effect after said events.

5. The parties have stipulated to the facts recited herein solely for the purposes of this civil action. The stipulation shall not be admissible in any other proceedings or any other court with the exception of an action to enforce the terms and provisions of this preliminary injunction, a contempt action related to this injunction, or any other future litigation involving an issue regarding whether defendants have failed to comply with this injunction.

6. Defendants do not require a bond. Therefore, no bond is required.

IT IS SO ORDERED.

DATED: 7/2/14

_____
The Honorable Louise W. Flanagan
United States District Judge

STIPULATED BY COUNSEL ON BEHALF OF THE PARTIES:

/s/ R. Jonathan Charleston
R. Jonathan Charleston
N.C. State Bar No. 14389
Jose A. Coker
N.C. State Bar No. 28478
Dharmi B. Tailor
N.C. State Bar No. 46441
The Charleston Group
Attorneys for RLM Communications, Inc.
201 Hay Street, Suite 2000
Post Office Box 1762
Fayetteville, NC 28302-1762
Telephone: (910) 485-2500
Telecopier: (910) 485-2599

/s/ James A. McLean, III
James A. McLean, III
N.C. State Bar No. 27966
McCoy Wiggins Cleveland & O'Connor, PLLC
Attorneys for Defendants Glover and DEG
P.O. Box 87009
Fayetteville, NC 28304
Telephone: (910) 483-8104
Telecopier: (910) 483-0094