THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-00322-FL

RLM COMMUNICATIONS, INC.

Plaintiff,

v.

DANIEL E. GLOVER and
DEG TECHNOLOGIES, LLC

Defendants.

STIPULATED PROTECTIVE ORDER

Plaintiff RLM Communications, Inc. ("RLM") and Defendants DEG Technologies, LLC ("DEG") and Daniel E. Glover ("Glover") (collectively, "Defendants"), by and through counsel and pursuant to F.R.C.P. 26, acknowledge that the Parties may seek through discovery information or documents which are or may be considered confidential, and hereby stipulate and agree for purposes of the above-captioned litigation, subject to the approval of the Court, as follows:

1. The information involved in this case is highly sensitive. RLM and DEG are businesses that specialize in support services to the United States government. Glover is the President and CEO of DEG. Documents and information in this case may relate to a government contract entitled IA, CYND Resident, and MTT Support, numbered W91249-12-C-0017 ("Contract"). Pursuant to the Contract, RLM provides contractor support to the United States Army Signal Center of Excellence (SIGCoE) for information assurance and network defense courseware development. Information contained in the bid submission and the awarded contract contains certain information not readily accessible to the public. This case also involves

Plaintiff's and Defendants' confidential and proprietary information that is otherwise not available to the public. For these reasons, the Parties consent to this Stipulated Protective Order.

2. This Stipulated Protective Order governs the use of all produced documents, deposition transcripts and any other information, documents, objects, or things which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

3. The Parties from whom discovery has been sought or will be sought in this action possess certain proprietary and confidential business information and certain confidential personal information the public disclosure of which could cause injury or damage to the disclosing party. Such information or materials are collectively referred to herein as "Confidential Information."

4. The Parties mutually agree to the measures designated in this Stipulated Protective Order and agree that such measures will protect the interests of the Parties in preserving their Confidential Information, while at the same time facilitating reasonable discovery in this action.

5. The measures designated herein are reasonable and will not prejudice or unduly burden the Parties or the Court.

6. The producing party of any documents may designate documents as "Highly Confidential" or "Confidential" and subject to this protective order by marking documents as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or with other similar means sufficient to indicate confidential designation.

7. Confidentiality Designations. Any party, person or entity producing information in this action may designate any document, information, thing, or discovery response as protected by

marking it at or before the time of production or exchange with the legend "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL". If it is impracticable to mark something with such a legend, the designation may be made in writing. All "HIGHLY CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes highly confidential, proprietary or trade secret information requiring protection above and beyond that which is afforded by this Order to documents marked "CONFIDENTIAL". All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) confidential, proprietary or trade secret information or (b) information subject to a legally protected right of privacy.

By way of illustration, "Highly Confidential" information could include: (a) the bid to the Contract; (b) the Contract; (c) any "trade secret" as defined by N.C.G.S. § 66-152(3). "Confidential information" includes: (a) technical proposals submitted; (b) pricing; (c) employee salary information; (d) personnel evaluations; and (e) fee, profit, overhead and general administrative information in relation to the Contract.

8. With respect to depositions, the witness or party may, by statement on the record or by other agreement of counsel, designate any portion of deposition testimony as confidential. Such confidential designation may also be by a letter containing page and line references served on counsel within thirty (30) days of receipt of a deposition transcript. Any party or witness present at the deposition who is allowed access to Confidential Information pursuant to this Stipulated Protective Order shall be allowed to remain present during the scope of questioning with regard to subjects so designated, while all other persons shall be excused until non-confidential subjects are resumed.

9. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions

thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

10. Access to documents, information, or materials designated as "Highly Confidential" information shall be governed as follows: "Highly Confidential" information can be made available to: (i) outside counsel for respective parties, and their legal assistants, clerks and other support staffs; and (ii) Court officials, personnel and officers, including court reporters.

Access to documents, information, or materials designated as "Confidential" information shall be governed as follows: "Confidential" information can be made available to: (i) outside counsel for respective parties, and their legal assistants, clerks and other support staffs; (ii) in-house counsel for the parties, and in-house counsel's legal assistants, clerks and other support staff; (iii) the parties to this litigation and any officer or employee of the parties; (iv) independent consulting and testifying experts or consultants retained by a party or its counsel to assist in the preparation or trial of this cause for use solely in such preparation or trial; (v) persons who are or may be witnesses in this action; and (vi) Court officials, personnel and officers, including court reporters. Persons to whom access to any Confidential Information is provided pursuant to subparts (iv) and (v) above shall be advised of this protective order and shall affirmatively express his/her intention to follow its mandates. Before Confidential Information is disclosed to

persons identified in subparts (iv) and (v) above, such persons must read this Stipulated Protective Order in its entirety and sign a statement in the form attached hereto as Exhibit A, signifying their agreement to abide by the terms of this Stipulated Protective Order. Counsel for the respective parties shall maintain a list of persons to whom Confidential Information is disclosed.

11. In the event any party disagrees with the designation of any Discovery Materials as confidential, counsel shall attempt to resolve the dispute on an informal basis. If there remains a good faith dispute regarding the confidentiality of certain Discovery Materials, the party supporting the designation may move the Court for an order continuing the confidential restrictions within twenty one (21) days of receipt of notice as to the specific materials disputed. On such motion, the burden shall be on the producing party or witness to demonstrate that the materials qualify for protection under the Federal Rules of Civil Procedure and other applicable law. Unless and until the Court shall issue a final ruling that the material is not of a confidential nature, the material in question shall continue to be treated by all Parties as confidential as originally designated and the Parties shall adhere to all provisions hereof related to the designation.

12. All Discovery Materials produced during the discovery in this action shall be used only for the prosecution or defense of this action and shall not be used or employed for any business or competitive purpose or any other purpose whatsoever. In no event shall any Party or other person with access to the Discovery Materials disclose Confidential Information or reveal the existence of such Confidential Information, except as specifically allowed pursuant to this Order. Nothing in this Order shall be construed as a restriction on the use or disclosure of

information by the person who supplied the information, or otherwise limit the ability of a person to publicly disclose its own Highly Confidential or Confidential Information.

13. Upon good cause shown, the Court may order that the use of any such document or of information containing Highly Confidential or Confidential Information and any testimony associated with the confidential information contained therein shall be held in camera.

14. If a party wishes to introduce any Highly Confidential or Confidential Information on the public record at a hearing, such party shall give the producing party prior notice of such intention, such notice to specify clearly the materials to be disclosed and the manner in which they are to be disclosed, so as to afford the producing party the opportunity to object and to apply to the Court for an order of nondisclosure or for other protection.

15. The production of documents or information pursuant to this Stipulated Protective Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality of the producing party.

16. By consenting to the issuance of this Order, each party acknowledges the other parties' right to object to production of any document, thing or information for lack of relevance or materiality, or as not calculated to lead to discovery of admissible evidence, or as privileged communication, or as work product of counsel, or as overly broad or unduly burdensome, or any other ground permitted by the Federal Rules of Civil Procedure and agrees that all such potential objections are hereby preserved.

17. In entering this Order, this Court expressly does not address or decide whether material designated as "Highly Confidential" or "Confidential" is protectable.

18.     This Stipulated Protective Order shall not preclude any party from applying to the Court for relief from any provision hereof or from asserting that certain Discovery Materials should receive greater confidentiality protection than that provided herein.

19.     All Discovery Materials and all copies thereof shall be returned to the producing party at the termination of this action, or shall be destroyed, at the option of the party producing such materials during discovery. If destroyed, counsel for the party receiving the Discovery Materials must forward a letter to counsel for the producing party certifying compliance with this paragraph. Counsel may retain a copy of the Discovery Materials; provided, however, the Discovery Materials shall continue to be governed by the terms of this Stipulated Protective Order and the Court shall retain jurisdiction for purposes of resolving disputes among the Parties with respect to disclosure of the Discovery Materials.

20.     This Stipulated Protective Order shall become effective as a stipulation among the Parties immediately upon the commencement of discovery by counsel for the parties, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any "CONFIDENTIAL" materials produced prior to that time other than as provided in this Stipulated Protective Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

21.     This Stipulated Protective Order is entered without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon motion and notice.

IT IS SO ORDERED, this the 17th day of July, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE

WE CONSENT, STIPULATE AND AGREE:

| RLM Communications, Inc. | Daniel E. Glover and DEG Technologies, LLC. |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Jose A. Coker<br>R. Jonathan Charleston<br>N.C. State Bar No. 14389<br>Jose A. Coker, Esq.<br>N.C. Bar No. 24878<br>Dharmi B. Tailor, Esq.<br>N.C. Bar No. 46441<br>The Charleston Group<br>201 Hay Street, Suite 2000<br>P.O. Box 1762<br>Fayetteville, NC 28302-1762<br>(910) 485-2500 (t)<br>(910) 485-2599 (f) | /s/ James A. McLean, III<br>James A. McLean<br>N.C. State Bar No. 27996<br>McCoy Wiggins Cleveland & O'Conner, PLLC<br>PO Box 87009<br>Fayetteville, NC 28304<br>(910) 483-8104<br>(910) 483-0094 |

/s/ Coy E. Brewer, Jr.
Coy E. Brewer, Jr.
N.C. State Bar No. 481
214 Dick Street
Fayetteville, NC 28301
(910) 339-4370 (t)
(910) 339-4375 (f)

# EXHIBIT A

The undersigned has read the Stipulated Protective Order filed on the _____ day of _____, 2014, and agrees to abide by its terms. The undersigned specifically agrees that any Confidential Information disclosed shall be used only for the prosecution or defense of the action in which the Stipulated Protective Order was entered, that no Confidential Information will be disclosed by the undersigned other than to persons designated in the Stipulated Protective Order, and that all Highly Confidential and Confidential Information will be returned to counsel for the party disclosing such materials at the conclusion of this action.

This the _____ day of _____, 2014.

_____